{¶ 19} I respectfully dissent. The trial court and the majority appear to have retried this case. In the event that this would be a matter for retrial, it is clear the burden would be on the State to prove beyond a reasonable doubt that the offense occurred. It further appears that the majority has placed the burden on the State to prove again beyond a reasonable doubt that an offense occurred and that this is the person who committed it.
 {¶ 20} It is my opinion that on a hearing for wrongful imprisonment the burden shifts to the defendant to prove that the crime was not committed or that he/she did not commit the acts complained of.
 {¶ 21} This is not a case where DNA testing showed the defendant was not the person convicted. The trial court and the majority seem to rely heavily on the full diary. I believe that there are other interpretations of what was written in the diary, other than she lied to get money. Whether a jury would have believed her explanation of the entries or not will never be known. Since they believed her original testimony they may have believed her explanation of those entries that talked about suing the person who raped her.
 {¶ 22} However, the point is that this process is not a retrial. It is a process that determines innocence, not innocence or guilt.
 {¶ 23} I believe that the court did lose its way and would reverse.